[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2012
JOHN LEY
CLERK

No. 11-11224
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cv-01545-IPJ


JERRY SIMS,

                                                    Plaintiff-Appellant,


versus


JAMES LEONARD,
HUNTSVILLE, CITY OF,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 20, 2012)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Proceeding <u>pro se</u>, Jerry Sims appeals the grant of summary judgment on both his 42 U.S.C. § 1983 action against Officer James Leonard for his alleged use of excessive force, and his state law claims of assault and battery against Leonard and the City of Huntsville, Alabama. Sims claims error in the granting summary judgment for the defendants; the closing of his case; and the denial, as moot, of his post-judgment motion for summary judgment. After careful review, we reverse and remand.

"This court reviews <u>de novo</u> the district court's grant of summary judgment based on the defense of qualified immunity." <u>Holmes v. Kucynda</u>, 321 F.3d 1069, 1077 (11th Cir. 2003). Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact. . . ." Fed.R.Civ.P. 56(a). We accept the plaintiff's version of the facts and draw all justifiable inferences in his favor. <u>Pourmoghani–Esfahani v. Gee</u>, 625 F.3d 1313, 1315 (11th Cir. 2010) (per curiam); <u>see</u> <u>Cottrell v. Caldwell</u>, 85 F.3d 1480, 1486 (11th Cir. 1996) ("[W]hat is considered to be the 'facts' at the summary judgment stage may not turn out to be the actual facts if the case goes to trial, but those are the facts at this stage of the

2

proceeding for summary judgment purposes.").

A summary judgment motion can be opposed "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make" the necessary showing. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986).[1]

Though the District Court quite rightly recognized the lack of any "procedural tool for a default summary judgment," we nevertheless conclude that the judgment entered there amounted to a default. In deciding Sims's § 1983 claim, the district court stated: "Because [Sims] has failed to respond to the defendant's motion for summary judgment, he *necessarily* has failed in his burden to show that qualified immunity is not appropriate" (emphasis added). Similarly, with respect to Sims's assault and battery claim, the district court stated: "Because [Sims] failed to respond to the defendants' motions for summary judgment, this claim *necessarily* fails," (emphasis added).

We recognize that the district court did evaluate Sims's deposition.

---

[1] See Fed.R.Civ.P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials").

3

However, this evaluation neglected to include some of Sims's testimony which must be credited because we are required to accept Sims's "version of the facts drawing all justifiable inferences in [his] favor." Pourmoghani– Esfahani, 625 F.3d at 1315; see Brown v. City of Huntsville, Ala., 608 F.3d 724, 728, 738–40 (11th Cir. 2010) (reviewing the "[p]laintiff's version of events," and holding that the district court erred in granting qualified immunity for a § 1983 excessive force claim). The district court found that, since Sims testified that he did not see who hit his leg, he could not establish the claim against Officer Leonard. Yet, in other portions of his deposition, Sims testified that Officer Leonard hit his leg, and he clarified that he knew this because Leonard was the only person close enough to him to have done it. Sims stated: "the only spot where the hit came from was where Officer Leonard was." Though Sims might not have seen Leonard hit him, we must nevertheless make the reasonable inference from Sims's testimony that Leonard hit Sims.

In our view, to state that a party's claim "necessarily" fails because that party has "failed to respond" to a dispositive motion results in the imposition of a default judgment. By entering judgment here, the district court imposed a requirement that Sims establish a "legal fact," that the defendants' conduct violated "clearly established" constitutional principles; but Sims needed only to

show facts constituting a constitutional violation. See Elder v. Holloway, 510 U.S. 510, 516, 114 S. Ct. 1019, 1023 (1994) ("Whether an asserted federal right was clearly established at a particular time, . . ., presents a question of law, not one of 'legal facts.'"). The court must then evaluate those facts to determine whether, as a matter of law, the alleged conduct was "clearly established" as a constitutional violation at the time it occurred. See Mitchell v. Forsyth, 472 U.S. 511, 528, 105 S. Ct. 2806, 2816 (1985) ("All [a court] need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions . . ."); see also Elder, 510 U.S. at 516 ("A court engaging in review of a qualified immunity judgment should therefore use its full knowledge of its own [and other relevant] precedents." (brackets in original)).

As a result, the district court did not adequately credit the other evidence presented by Sims, in particular his deposition testimony. The evidence put forward by Sims contains facts that, when viewed in his favor, may establish defendants' violation of a clearly established constitutional right.

We will afford the district court an opportunity to engage in this more comprehensive analysis in the first instance, examining whether the evidence shows that there remains a genuine issue of material fact and whether Sims's claim

survives the defendants' assertion of qualified immunity.

**REVERSED AND REMANDED**